UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMHAL TALIB ABDULLAH BEY a/k/a JAMHAL LATIMER; QUINN KHABIR EL a/k/a QUINN CUMBERLANDER; TARIFF SHARIF BEY a/k/a AARON JOHNSON; LUCHA EL POR LIBERTAD a/k/a STEVEN PEREZ; JAMIL RASUL BEY a/k/a LAMAR DOW; WILL EL MUSA a/k/a WILFREDO HERNANDEZ; ABAN EL CURRAUGH; CONALD SOLIMAN QUIESQUEYANO a/k/a CONALD PIERRE; ROBERT EL DON a/k/a ROBERT RODRIGUES; and OMAAR MALIK ANTONIO EL a/k/a OMAR ANTONIO,<br>　　　*Plaintiffs,*<br><br>　　v.<br><br>MEDFORD MASSACHUSETTS STATE POLICE; MATTHEW MCDEVITT, Massachusetts State Trooper; RYAN CASEY, Massachusetts State Trooper; MIKE SULLIVAN, Massachusetts State Trooper; SARGENT BURNHAM, Massachusetts State Trooper; TROOPER ORLANDO, Massachusetts State Trooper; COMMONWEALTH OF MASSACHUSETTS; AT&T NEWS MEDIA; COMCAST NBC UNIVERSAL NEWS MEDIA; NEWS CORPORATION NEWS MEDIA; VIACOM NEWS MEDIA; CBS NEWS MEDIA; and EMILY KARSTETTER, Judge,<br>　　　*Defendants.* | C.A. No. 21-cv-306-JJM-PAS |

ORDER

Plaintiffs filed a *pro se* complaint against Defendants (ECF No. 1), as well as ten (10) Motions for Leave to Proceed *in forma pauperis* (IFP) (ECF Nos. 2–11), and a Motion to Strike Evidence and Dismiss.  ECF No. 14.  When considering Motions for IFP, the Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]  Having done so, the Court concludes that Plaintiffs have failed to state a claim on which relief may be granted, and thus DISMISSES their Complaint and DENIES their Motions.

## I.  BACKGROUND

This suit arises from the highway stop and subsequent arrest of eleven self-described Moorish American Nationals by Massachusetts State Police.  Plaintiffs include most of the individuals arrested – Jamhal Talib Abdullah Bey a/k/a Jahmal Latimer, Quinn Khabir El a/k/a Quinn Cumberlander, Tariff Sharif Bey a/k/a Aaron Johnson, Lucha El Por Libertad a/k/a Steven Perez, Jamil Rasul Bey a/k/a Lamar Dow, Will El Musa a/k/a Wilfredo Hernandez, Conald Soliman Quiesqueyano Bey a/k/a Conald Pierre, Robert El Don a/k/a Robert Rodrigues, Aban El Curraugh, and

---

[1] Notably, Plaintiffs' filings contain several key omissions – namely, all but one Motion for IFP lack any information on Plaintiffs' incomes, assets, and debts, that are necessary to decide on their applications.  Additionally, Plaintiffs did not sign the Motions, or the Complaint, which is required under the Federal Rules.  Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.").  Given that curing such defects would not affect the ultimate dismissal of their claims, this Court will nevertheless proceed with screening their Complaint.

an unnamed "John Doe" – as well as the organization Rise of the Moors.[2]  ECF Nos. 1, 1-5.  They sue Defendants "Medford Massachusetts State Police;" Massachusetts State Troopers: Ryan Casey, Mike Sullivan, Orlando,[3] and Sergeants Matthew McDevitt and Burnham;[4] Malden District Court Judge Emily A. Karstetter; AT&T, Comcast NBC Universal, Viacom, News Corporation, and CBS News Medias; and the Commonwealth of Massachusetts.  *Id.*

Plaintiffs allege that Defendants engaged in defamation, discrimination based on national origin, and deprivation of their rights under the color of law.  ECF No. 1 at 4.  Their Complaint presents ten notices of removal addressed to the Malden District Court, arguing for the removal of each of the arrested Plaintiffs' pending criminal matters to federal court.  ECF No. 1-1.  They also submitted an affidavit expressing their interpretation of the highway encounter (ECF No. 1-2), as well as a probable cause narrative, criminal complaints, and arrest reports prepared by Massachusetts State Police.  ECF No. 1-3.

## II.    ANALYSIS

Plaintiffs have filed ten Motions for IFP, or Applications to Proceed without Prepayment of Fees and Affidavit.   ECF Nos. 2–11.   When reviewing such applications, a court must screen the complaint under 28 U.S.C. § 1915(e)(2), which

---

[2] Rise of the Moors attempts to represent itself *pro se*.  However, "a corporation may appear in the federal courts only through licensed counsel" – a "rule [which] applies equally to all artificial entities."  *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).  Were this litigation to proceed, the organization would be dismissed from the action.

[3] Trooper Orlando's first name was not provided.  ECF No. 1-5 at 2.

[4] Trooper Sergeant Burnham's first name was not provided.  *Id.*

states in relevant part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, the Court must dismiss Plaintiffs' Complaint. At its core, the Complaint challenges their arrests and subsequent criminal proceedings in Massachusetts.[5] However, this Court must abstain from hearing such challenges, based on doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), which reflects a "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. The First Circuit has held that *Younger* applies "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007). When these elements are met, *Younger* "instructs federal courts not to interfere with ongoing state-court litigation." *Id.* at 34 (citations and quotation omitted).

Such circumstances directly apply to the instant case. The Complaint and subsequent filings seek to challenge the legitimacy of the ongoing state criminal proceedings to which the Plaintiffs are currently subject. In their Complaint, the

---

[5] Plaintiffs also allege defamation in their Complaint, presumably bringing the claim against the numerous news media corporations listed as Defendants. ECF No. 1 at 4. However, their attached affidavit of fact fails to include a single mention of defamation, or of any of the Defendant corporations. ECF No. 1-2. Accordingly, Plaintiffs have failed to state a claim of defamation.

Plaintiffs argue that the proceedings violate their constitutional and civil rights (ECF No. 1), and since filing, one Plaintiff has filed a Motion to Strike and Dismiss the case. ECF No. 14. In their submissions, Plaintiffs also attach Notices of Removal presented to the Malden District Court, requesting their cases be removed to federal court. ECF No. 1·1.[6]

Plaintiffs ask this Court to interfere with an ongoing judicial proceeding in a domain of paramount importance to the state: criminal prosecution. In fact, while *Younger* has been extended to proceedings that implicate other important state interests, the doctrine was "initially applied to protect state criminal prosecutions against interference." *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 31 (1st Cir. 2004). Its mandate requires federal courts to abstain from "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 51–52.

Thus, federal courts are an inappropriate forum for criminal defendants to mount their challenges to ongoing state prosecutions. Instead, "[t]he accused should first set up and rely [upon] his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection." *Id.* at 45 (citation omitted).

---

[6] To the extent that the notices seek to remove Plaintiffs' pending Massachusetts criminal cases to Rhode Island's federal court – which the submitted Motion to Strike and Dismiss further implies – such action is inappropriate. "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States **for the district and division within which such prosecution is pending** a notice of removal . . ." 28 USC § 1455(a) (emphasis added).

5

Here, the Court must abstain from reviewing Plaintiffs' claims, which may be brought in the context of their state criminal proceedings.[7]

Considering *Younger*, alongside the absence of any clear defamation allegations, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Therefore, their Complaint is DISMISSED,[8] and their Motions for IFP (ECF Nos. 2–11) and Motion to Strike Evidence and Dismiss (ECF No. 14) are DENIED as moot.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

August 17, 2021

---

[7] Plaintiffs do not include any request for or reference to money damages in their Complaint, which governs their claims. Therefore, their § 1983 claims are appropriately dismissed without prejudice. *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 15 n.1 (1st Cir. 1992) ("*Younger* abstention applies to the situation where, as here, state appellate remedies had yet to be exhausted when the § 1983 action was filed.") (citations omitted).

[8] The First Circuit has held that "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted). Here, Plaintiffs' main claims typify those that fall under *Younger*, which the Court must abstain from hearing, and Plaintiffs have not even remotely stated a defamation claim. Therefore, any amendment would be futile, so the Court finds it appropriate to dismiss this Complaint without the providing opportunity to amend.